**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3729
_____

WILLIAM DYKEMAN,
Appellant

v.

ABU AHSAN, M.D.; UMDNJ; JOHN DOES, UNDMJ; JOHN DOES-HEALTHCARE
PROVIDER; UMDNJ; NEW JERSEY DEPARTMENT OF CORRECTIONS; DR.
AHMAR SHAKIR; JOHN DOES, employed as an Administrator or Supervisor; JOHN
AND JANE DOES, employed in various capacities for the NJ Department of Corrections
and/or UMDNJ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 3-12-cv-04634)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2019

Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant William Dykeman appeals from the District Court's dismissal of several of his claims and its grant of summary judgment in favor of the remaining defendant in an action Dykeman brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Dykeman is presently incarcerated at Northern State Prison in New Jersey. When he entered the prison in 2005, he began experiencing pain in his right hip stemming from an earlier injury. Several medical professionals evaluated Dykeman between 2005-2008; they examined him, ordered diagnostic testing, and requested shoe insoles for him.

In December 2008, Dykeman first saw defendant Dr. Abu Ahsan, who ordered an x-ray, an extra mattress, and insoles for him. Dr. Ahsan next saw Dykeman in June 2009 and requested a prosthetic consultation; the request was denied the following month. In September 2009, Dykeman received a letter from the Health Services Unit informing him that it had a record of Dr. Ahsan's mattress order, that mattress orders are processed by the New Jersey Department of Corrections, and that a manager was looking into why the order had not yet been fulfilled. The letter also noted that the review committee had denied Dr. Ahsan's request for a prosthetic consultation. Dr. Ahsan explained these developments to Dykeman in December 2009.

In April 2010, Dr. Ahsan again ordered insoles and an x-ray for Dykeman, and

2

requested an orthopedic evaluation. Dykeman requested cushioned shoes from Dr. Ahsan in July 2011. At some point between 2008-2011, Dykeman received shoe inserts, but Dykeman testified at a deposition that he did not know exactly when he received them or from whom, and that he felt that they were not supportive enough. He testified that he has never received an extra mattress. In Dykeman's visits with Dr. Ahsan and other medical providers, Dykeman chose not to pursue several different treatment options for his injury and often declined pain medication.

In July 2012, Dykeman filed a complaint alleging that his Eighth Amendment rights were violated by Dr. Ahsan and other defendants in the course of treating his hip. The District Court screened and dismissed Dykeman's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). After Dykeman appealed, we affirmed the majority of the dismissal but vacated and remanded the case in part after concluding that Dykeman had pleaded sufficient facts to state an Eighth Amendment claim based on his allegations that he had not received an additional mattress and cushioned footwear as prescribed by Dr. Ahsan and that Dr. Ahsan had failed to renew the mattress prescription.

On remand, Dykeman filed an amended complaint, in which he re-asserted his earlier claims about his medical care and his claims against Dr. Ahsan; he also raised several new claims. In October 2014, the District Court dismissed all of Dykeman's claims except for those against Dr. Ahsan regarding the mattress and footwear prescriptions. The parties completed discovery, and Dr. Ahsan moved for summary judgment. The District Court granted Dr. Ahsan's motion. Dykeman timely appealed.

3

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise

plenary review over the District Court's dismissal of Dykeman's claims. See Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In reviewing a dismissal for failure to state

a claim, "we accept all factual allegations as true [and] construe the complaint in the light

most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d

Cir. 2011). Dismissal is appropriate "if, accepting all well-pleaded allegations in the

complaint as true and viewing them in the light most favorable to the plaintiff, a court

finds that [the] plaintiff's claims lack facial plausibility." Id.

We also exercise plenary review over the District Court's grant of summary

judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a

reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

Dykeman first challenges the District Court's dismissal of his claims against an

orthopedic doctor and several unidentified medical providers who had no apparent

involvement in the fulfillment of his mattress and footwear prescriptions. Additionally,

Dykeman claims that some kind of racketeering conspiracy prevented him from receiving

4

the mattress and footwear that he was prescribed.[1]

The District Court properly dismissed Dykeman's first set of claims, as they were beyond the scope of our remand order. Our prior opinion already addressed Dykeman's claims about the medical care he received beyond the fulfillment of his mattress and footwear prescriptions. The District Court clearly laid out the parameters of the remand for Dykeman before he submitted his amended complaint, yet Dykeman included numerous claims that were unrelated to his mattress and footwear allegations.

As for Dykeman's conspiracy claim pursuant to 42 U.S.C. § 1985(3), his undeveloped and conclusory allegations of a conspiracy by a number of mostly unidentified individuals are insufficient to state a claim. See Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) ("Section 1985(3) permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'") (quoting 42 U.S.C. § 1985(3)). At no point has Dykeman clarified his conspiracy allegations. Accordingly, the District Court correctly dismissed these claims. Additionally, under the circumstances, permitting

---

[1] In his appellate brief, Dykeman also makes a number of vague new allegations and claims about his medical care, and re-asserts allegations that are not relevant to his claims about the provision of an extra mattress and cushioned footwear. We will not consider his new allegations, as they appear for the first time on appeal. See In re Diet Drugs Prod. Liab. Litig., 706 F.3d 217, 226 (3d Cir. 2013). Additionally, any new allegations that could be construed to relate to Dykeman's mattress and footwear prescriptions all involve facts of which he was aware years before he filed his amended complaint.

5

further amendment would have been futile.  See U.S. ex rel. Schumann v. AstraZeneca

Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

The District Court also properly granted summary judgment for Dr. Ahsan.[2]  The

Supreme Court has held that "deliberate indifference to serious medical needs of

prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by

the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "In order to state

a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to

evidence deliberate indifference to serious medical needs."  Id. at 106.  Establishing a

claim requires proving both an objective component — "a serious medical need"—and a

subjective component — "acts or omissions by prison officials that indicate deliberate

---

[2]  We also conclude that the District Court's denial of Dykeman's motion for
appointment of counsel was not an abuse of discretion.  See Tabron v. Grace, 6 F.3d 147,
158 (3d Cir. 1993).  Dykeman contends that the appointment of counsel was necessary
for the resolution of his claim against Dr. Ahsan because he needed an attorney to secure
the testimony of an expert witness.  See Appellant's Br. at ECF p. 44.  However,
Dykeman does not explain what kind of expert testimony could have been relevant to his
deliberate indifference claim against Dr. Ahsan, which does not require expert testimony
to resolve.
    We similarly find no abuse of discretion in the District Court's discovery orders
that Dykeman challenges on appeal.  See Anderson v. Wachovia Mortg. Corp., 621 F.3d
261, 281 (3d Cir. 2010).  In particular, Dykeman argues that he was subject to an unfair
process when the District Court permitted Dr. Ahsan to take his deposition testimony.
See Appellant's Br. at ECF p. 46.  Dykeman notes that Dr. Ahsan relied on this testimony
in arguing that he was entitled to summary judgment, but Dykeman has not shown that
the District Court's decision itself prejudiced him.  See Anderson, 621 F.3d at 281.
Rather, information from Dykeman was necessary to develop the facts underlying his
claims.

indifference to that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

Dykeman contests Dr. Ahsan's role in his failure to receive a mattress and cushioned footwear. The record is clear that Dr. Ahsan attempted to secure both an additional mattress and prosthetics for Dykeman. However, a review committee denied the prosthetic consultation and for some unknown reason which did not involve Dr. Ahsan, the mattress request was never fully processed.

Dr. Ahsan provided comprehensive medical treatment for Dykeman otherwise, and Dykeman received shoe insoles at some point, although he does not believe that they were sufficiently supportive. While Dykeman was waiting to receive an additional mattress and cushioned footwear, Dr. Ahsan and other medical professionals repeatedly offered therapeutic treatment for Dykeman, including pain medication, steroid injections, additional diagnostic procedures, and specialist consultations. However, Dykeman refused several of these options. See U.S. ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (per curiam) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

There is no evidence in the record that indicates that a renewed prescription for an additional mattress by Dr. Ahsan would have resulted in a different outcome for Dykeman where Dykeman was informed that Dr. Ahsan's original request was being

processed. Rather, the record indicates that Dr. Ahsan had no control over whether Dykeman actually received either a mattress or cushioned footwear, but attempted to secure both. Under these circumstances, there is no evidence that Dr. Ahsan acted with deliberate indifference to Dykeman. See Estelle, 429 U.S. at 106. Summary judgment for Dr. Ahsan was proper. Accordingly, we will affirm the District Court's judgment.[3]

---

[3] Dr. Ahsan's motion to supplement the appendix is granted.